### MARVIN BINKLEY v. THE STATE.

#### No. 3706. Decided February 20, 1907.

**1.—Theft of Horse—Confession—Warning—Age of Defendant—Burden of Proof.**

Where upon trial for the theft of a horse, the evidence showed that defendant was 11 years of age; that the deputy sheriff warned him; that there was no particular time shown when said warning occurred with reference to the confession made to said deputy and the sheriff, and that it was not shown that defendant had in mind the warning at the time of his confession, the burden was on the State to show the admissibility of such confession.

**2.—Same—Capacity of Defendant to Understand Criminal Intent—Non-Expert Witness.**

Where upon trial for the theft of a horse, the evidence did not show that the non-expert witnesses detailed any facts as to the capacity of the defendant to form and entertain a criminal intent as to said theft, they were not authorized to give their opinion as to said capacity.

**3.—Same—Arrest—Warning—Confession.**

Where upon trial for theft of a horse, the evidence showed that the officer had in effect taken charge of defendant by taking hold of the horse, and that he would not have permitted the parties to escape, there was enough to show that defendant was in custody, and that his confession could not be introduced unless he was legally warned.

**4.—Same—Capacity of Defendant to Commit Offense—Charge of Court—Non-Age.**

Where upon trial for the theft of a horse, the evidence showed that the defendant was about 11 years old, the court in his charge should have placed the burden of proof as to defendant's capacity to commit the offense upon the State; the non-age of defendant having been shown, it was incumbent on the State to show that he knew that he was acting criminally and was subject to punishment.

Appeal from the District Court of Taylor. Tried below before the Hon. J. H. Calhoun.

Appeal from a conviction for the theft of a horse; penalty, two years in the reformatory.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of theft of a horse, and his punishment assessed at confinement in the reformatory and house of correction for a term of two years; and brings the case here on appeal.

The State introduced the confessions or statements of appellant made to L. L. Peevey, deputy sheriff, and to Cunningham, the sheriff. The circumstances under which the same were introduced are as follows: Appellant was confined in jail on the charge in question for about five months, being placed in jail on the 25th of April, 1906, and the trial coming on September 10, 1906. The proof shows that appellant was about 11 years old. That the deputy sheriff Peevey warned appellant on one occasion while he was in jail; that he thereafter told the deputy sheriff on a number of occasions that he unhitched the horse in Abilene at night and drove him the next morning as far as Merkel; that he (appellant) and his companion were going to Sweetwater to get a job of work and make some money; that they intended to pasture and feed the horse until they got ready to come back; and the sheriff testified on this point that he did not warn defendant at all, but that he talked with him after he was confined in jail. The warning relied on by the State was that given by the deputy sheriff Peevey. The sheriff testified as to appellant's statements about the same as did the deputy sheriff on this point. At what particular time the warning was given with reference to the confession or statement made is not shown by the bill. We understand that the burden is on the State to show the admissibility of the confession, and the confession made by appellant must be so near in point of time to the warning, or the circumstances must be such as to suggest that appellant had in mind the warning given at the time he made the statement or confession. There is nothing here to show this. Evidently the confession made to the sheriff is not shown to be so connected with any warning given by the deputy sheriff Peevey as to render appellant's confession admissible. We have held that where it was shown that the warning was given a day or two before by the sheriff and the statement was made to him, that this would be sufficient to show that the party had the warning in mind. See Adams v. State, 35 Texas Crim. Rep., 285. But where the warning was given at least a week previous to the confession and the statement or confession was given to another person, it was held inadmissible. See Barth v. State, 39

Texas Crim. Rep., 381, and McDaniel v. State, 10 Texas Ct. Rep., 923.

On the question of the capacity of appellant to entertain the criminal intent necessary to constitute theft of a horse, appellant reserved exceptions to the testimony of the witness Peevey, who was deputy sheriff, and also to the testimony of Sheriff Cunningham. The proof shows that appellant was 11 years old, and the objection urged to the testimony of said witnesses was that they were permitted to give their opinions as to the capacity of appellant to entertain criminal intent without stating facts on which to predicate such opinions, they not being experts on the subject. In this regard the witness Peevey stated that he was deputy sheriff and jailer of Taylor County, and as such he had in his custody in jail the defendant from April 25, 1906, up to the time of the trial; that since said custody the witness frequently had conversations with defendant about the transaction in question; that he talked with him about different things while in jail. The witness then detailed what appellant told him with reference to the offense as heretofore stated. On this predicate the witness was permitted to state that the defendant was quick-witted and smart for his age; that he considered the defendant considerably above the average colored boy of his age, size and intelligence. The witness Cunningham stated that he was sheriff of Taylor County, and that he talked with defendant while being carried from the depot to the jail, and that he talked with defendant a little after they reached the jail—something like half an hour; talked with him mostly about the case. The witness did not state the substance of his conversation with the defendant or detail his acts except as above. The court then permitted the witness to state that in his judgment, basing his knowledge upon what he saw and heard while with him and while talking with him, that appellant was a boy of sufficient intelligence and understanding to understand the nature and illegality of the act if he took the horse; that he thought appellant had a fair knowledge of the crime committed and that he knew he was committing a crime that he should be punished for. In Carr v. State, 24 Texas Crim. App., 562, it was held that as to the testimony of a non-expert witness in giving his opinion, the same rule should be followed as is laid down for non-experts in giving their opinions as to the sanity or insanity of a defendant. In our judgment the analogy authorizes the establishment of such a rule. Testing the testimony of these non-experts by this rule, it does not occur to us that either of said witnesses was authorized to give his opinion as to the capacity of appellant to form and entertain a criminal intent as to the theft of said horse. They detailed no facts. The deputy sheriff showed more familiarity with appellant than did the sheriff, and he states that he had several conversations with appellant, but he does not state the nature or character of those conversations. As to the sheriff, his testimony is still further removed from the statement of any fact which would

authorize him to give an opinion as to the intelligent discretion of appellant. We believe the court erred in admitting the testimony of these two witnesses on the predicate laid.

There is also an exception to the testimony of the deputy sheriff who arrested appellant at Merkel in stating what appellant said with reference to how he came in possession of the horse after he had taken him in charge. This was objected to because appellant was under arrest and no warning was given. We presume the testimony was admitted on the idea that appellant had not then been formally taken into custody, but it is shown that the deputy sheriff had, in effect, taken charge of him (appellant); he had taken hold of the horse, turned him around and was leading him towards the cemetery where appellant said he had gotten the horse. He states that he would not have permitted the parties to escape if they had attempted to. It occurs to us there was enough in the acts of the deputy sheriff to show that he had taken charge of appellant, and to indicate to appellant that he was in his custody. See Nolen v. State, 9 Texas Crim. App., 419, and Jones v. State, 6 Texas Ct. Rep., 691.

Appellant complains of the charge of the court on his capacity to commit the offense charged against him and that the court should have given his requested charge on the subject. The charge given by the court is as follows: "The law provides that no person shall be convicted of any offense who at the time of committing the act was between the ages of 9 and 13 years, unless it shall appear by proof that he had discretion sufficient to understand the nature and illegality of the act constituting the offense; and if you believe from the evidence that the defendant, Marvin Binkley, was at the time the horse alleged to have been stolen, was in fact taken, if it was taken, was between the ages of 9 and 13 years, you cannot in this case convict him, unless you believe from the evidence introduced that he at the time of the offense was committed had discretion sufficient to understand the nature and illegality of the act constituting the offense." The requested charge was as follows: "In this case the defendant has introduced testimony tending to show that at the time of the alleged theft that defendant was between the ages of 9 and 13; now if you believe from the evidence that defendant at the time involved herein was between the ages of 9 and 13 years, then it devolves upon the State to establish by competent evidence that at the time in question the defendant had discretion to understand the nature and illegality of the act constituting the alleged offense; proof that defendant knew good from evil, or right from wrong, or that he was possessed of the intelligence of ordinary boys of his age, does not fill the requirements of the statute. This can be shown by circumstances, education, habits of life, general character, moral and religious instruction, but the proof must show beyond a reasonable doubt that he had the discretion above referred to." This charge was refused. We believe that the requested charge should have been

given.   It properly places the burden of proof, whereas the charge given did not, and it was applicable to the facts in evidence or rather to the facts necessary to show legal responsibility, which facts were not in evidence, but which are required to be proven in order to show that discretion which makes a minor amenable to the law.   See Wusnig v. State, 33 Texas, 651, and Carr v. State, 24 Texas Crim. App., 562. The law requires that the non-age must first be proven by defendant, and where this is done, then the burden is on the State to prove the discretion.   This brings us to appellant's proposition that the facts do not sustain the conviction, that is, they do not show that appellant at the time of the alleged offense had discretion sufficient to understand the nature and illegality of the act constituting the offense.   In order to show this we believe it is incumbent on the State to go further than was done in this case, that is, there should not only be evidence showing the history and character of appellant, the degree of intellifence possessed by him, but there should be evidence pertinently tending to show that he knew that the offense of theft was wrong and criminal and would subject him to punishment.   This character of proof, in conjunction with the evidence tending to show fraudulent taking, would be sufficient.

For the errors pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*