## Cleve Dover v. The State.

### No. 4463.  Decided June 27, 1917.

**1.—Theft—Sufficiency of the Evidence.**

Where upon trial of theft under the value of $50, the evidence was sufficient to sustain the conviction, although conflicting, there was no reversible error.

**2.—Same—Hearsay Evidence.**

Where, upon trial of misdemeanor theft, the State introduced testimony which was clearly hearsay, the judgment must be reversed and the cause remanded.

**3.—Same—Confessions—Exculpatory Statements.**

Where, upon trial of misdemeanor theft, the State was permitted to introduce in evidence the statements of the defendant while he was under arrest without warning, with reference as to how he came into possession of the property, the same was reversible error, although said confession was deemed by the State to be an exculpatory statement.  Following Bailey v. State, 40 Texas Crim. Rep., 150, and other cases.  Prendergast, Judge, dissenting.

**4.—Same—Rule Stated—Confessions—Inculpatory Statements.**

A confession or admission of an inculpatory fact by defendant, where he is under arrest and unwarned, can not be used as evidence against him and comes within the statutory rule as to confessions, although the same may not be technically a confession or admission.  Following Herman v. State, 42 Texas Crim. Rep., 464.  Prendergast, Judge, dissenting.

Appeal from the County Court of Tarrant. Tried below before the Hon. Jesse M. Brown.

Appeal from a conviction of petty theft; penalty, six months confinement in the county jail.

The opinion states the case.

*Mays & Mays,* for appellant.—Cited cases in opinion.

*E. B. Hendricks,* Assistant Attorney General, for the State.—Cited cases in opinion.

PRENDERGAST, JUDGE.—Appellant was convicted for stealing an overcoat from Mr. Waldrip at a dance a certain night in December, which was of less value than $50, a misdemeanor.

The evidence was amply sufficient to sustain the conviction. On the other hand, if appellant and his witnesses had been believed, it was ample to have authorized his acquittal. It is unnecessary to recite it.

Appellant himself testified that about three days after the dance, while walking along the Frisco tracks going to his home in North Fort Worth, he met a man who said he was "broke" and that he lived in Oklahoma, and asked him if he would buy the overcoat he had on his arm, and that he then did buy it from him and paid him $2 therefor. The evidence shows that appellant was wearing the overcoat alleged to have been stolen at the time he was arrested, and while under arrest and just after his arrest, the State was permitted to prove by the two officers who arrested him that at the time he told them he bought the coat out at the reservoir from an unknown man and paid him $2 for it. This testimony was objected to by appellant at the time for the reason that he was under arrest and his said claimed statement to the officers was therefore inadmissible. The court admitted the testimony under the authority of Whorton v. State, 69 Texas Crim. Rep., 1, 152 S. W. Rep., 1082, and Mason v. State, 74 Texas Crim. Rep., 256, 168 S. W. Rep., 115, and authorities therein cited, holding that it was not a confession but an exculpatory statement and not prohibited from introduction by the statute. In said cases of Whorton and Mason, supra, this court, in the opinions therein by Judge Harper, reviewed the authorities on this question, showing that the decisions of this court on the subject had theretofore been conflicting. And therein held, in accordance with the very great weight of authority and in accordance with several decisions of this court, that exculpatory statements such as were introduced in this case were admissible and were not prohibited by our statute. (Arts. 809-10, C. C. P.) What was said by this court in said cases of Whorton and Mason on this subject will here be quoted. In the Whorton case we said:

"Mr. Bouvier in his Law Dictionary defines a confession: 'The voluntary declaration made by a person who has committed a crime to another of the agency or participation which he had in the same. An

admission or acknowledgment by a prisoner that he committed the crime with which he is charged.' In Cyc., volume 8, page 562, a confession is thus defined: 'The acknowledgment of some fact, of a fault or wrong, or of an act or obligation adverse to one's reputation or interest; an admission of something done antecedently. At common law an admission of a cause of action. In criminal law, a voluntary statement made by a person charged with the commission of a crime or misdemeanor, communicated to another person, wherein he acknowledges himself to be guilty of the offense charged, and discloses the circumstances of the act, or the share and participation which he had in it; the voluntary declaration made by a person who has committed a crime or misdemeanor to another, of the agency or participation he had in the same; a person's declaration of his agency or participation in a crime; an acknowledgment of guilt; the acknowledgment of a crime or fraud.' In this work are cited many authorities, among which is People v. Miller, 122 Cal., 84, wherein the Supreme Court of that State said: 'In our law the term admission is usually applied to civil transactions, and to those matters of fact in criminal cases which do not involve criminal intent; the term confession being generally restricted to acknowledgment of guilt,' citing Greenleaf Ev., sec. 170.

"In the Am. & Eng. Ency. of Law, vol. 6, p. 521, the definition is thus given: 'A confession is a voluntary admission or declaration by a person of his agency or participation in a crime.

" 'The term "confessions" is not the mere equivalent of the words "statements" or "declarations." A statement or declaration to amount to a confession must be inculpatory and not exculpatory in its nature. Thus statements made by persons indicted together for the same offense, by which each charges the other without inculpating himself, and makes no reference to anything done in common as charged, are not confessions.

" 'Confessions as distinguished from admissions are acknowledgments of facts criminating in their nature, and not mere declarations against interest.

" 'Moreover, a confession is limited in its precise scope and meaning to the criminal act itself. It does not apply to acknowledgments of facts merely tending to establish guilt, since a damaging fact may be admitted without any intention to confess guilt. These are criminating admissions rather than confessions.' Under this text are cited authorities from almost every State in the Union.

"In Words & Phrases the word 'confession' is said to mean: 'A "confession" is a person's declaration of his agency of participation in a crime. The term is restricted to acknowledgments of guilt. A confession is limited in its precise scope and meaning to the criminal act itself. It does not apply to acknowledgments of facts merely tending to establish guilt, since a damaging fact may be admitted without any intention to confess guilt. These are criminating admissions, rather than confessions. Where a person only admits certain facts from which

the jury may or may not infer guilt, there is no confession.' On pages 1418 and 1419, volume 2, will be found a long list of authorities supporting this text.

"We have cited these authorities, for in our own decisions there is some conflict. Some cases hold that exculpatory statements are included in the statute governing the admissibility of confessions, while in a number of other cases the law is held as announced in the above authorities. Our present Presiding Judge (Davidson) in a well considered case announced the law in accordance with these decisions. In the case of Ferguson v. State, 31 Texas Crim. Rep., 93, he said:

" 'The statute, article 750 (810) of the Criminal Procedure, relates to confessions only, and does not extend to nor include within its meaning and provisions statements exculpatory of the defendant. A confession is inculpatory evidence, which connects or tends to connect the defendant, either directly or indirectly, as a guilty participant in the offense charged. Quintana v. State, 29 Texas Crim. App., 401; Willard v. State, 26 Texas Crim. App., 126; Eckert v. State, 9 Texas Crim. App., 105; Andrews v. State, 25 Texas Crim. App., 339.

" 'The statement made by defendant did not admit his guilt, and was not so intended by him when he made it. It neither connected nor tended to connect defendant with the theft, but, on the contrary, it was intended to exclude and rebut such inference. Instead of being an admission or confession of his guilt, it was intended as a denial of that fact. Same authorities.

" 'Such statements are made as well for the purpose of showing the absence of guilt as to manifest an innocent connection with the possession of the alleged stolen property by a defendant, and are intended to operate as exculpatory of guilt and crime. This character of evidence is elicited for the purpose of explaining the defendant's possession of the property, when his right thereto is called in question. While contradictory statements made by a defendant, as to his possession of property recently stolen, may be given in evidence, yet such statements have not been held to be "confessions" of guilt under the statute. If such accounts are to be treated as confessions of guilt, it would not devolve upon the State to disprove them, as a prerequisite to a conviction, nor would the court be authorized or required to charge the jury that such account must be disproved in order to warrant a conviction. Eckert v. State, 9 Texas Crim. App., 105.'

"Many cases besides those cited in this opinion might be referred to but we deem it unnecessary, as the rule is so clearly so stated in the Ferguson case. However, in the case of Morales v. State, 36 Texas Crim. Rep., 234, the Quintana case in 29 Texas Crim. App., 401, and other cases holding that the *confessions of a defendant* made while under arrest, although not taken in conformity with the statute, were admissible, were overruled, but the court expressly limited its action to those instances where the statements offered were confessions of guilt, the court in the Morales case stating: 'The matter inquired

about in this case was a confession, and it is not necessary here to discuss the question involved in the cases above referred to as to whether the statements there made by the defendants were in the nature of a confession or not.' In the Morales case the court only holding that a statement in itself of a confession of guilt was inadmissible if not taken in conformity with the statute, even though the defendant became a witness, pretermitting altogether a discussion of whether or not exculpatory statements were included in the statute governing admissibility of confessions. And yet in some instances this case has been sought to be used as excluding exculpatory confessions, when a careful reading of it will demonstrate it does not so hold. This question is again discussed in Parks v. State, 46 Texas Crim. Rep., 100, and it again held if the statements are inculpatory they are not admissible, and in some of the cases it may be said that the language used is broad enough to include exculpatory as well as inculpatory statements under the statute governing confessions, and because of these two conflicting lines of decisions in our own court, we have made as thorough investigation of this question as the books at our command would permit, and we have come to the conclusion that the great weight of authority upholds the opinion of Presiding Judge Davidson in the Ferguson case, supra, and the statutes governing the admissibility of confessions do not apply to nor include statements which are wholly exculpatory, even though the State should introduce other evidence showing such exculpatory statements are false. That such is the correct rule we have no doubt, for the reasons for the adoption of a statute excluding confessions of guilt, except under given circumstances, can not in no sense do or would apply where a defendant makes a statement which, if true, would conduce to show his innocence. Mr. Chamberlayne, in his work on Modern Law of Evidence, volume 2, beginning on page 1863, treats of this question at length, among other things saying:

" 'There is no branch of the law of evidence in such inextricable confusion as that relative to confessions. The general rule that a confession, a statement by one accused of crime directly or by necessary inference admitting his guilt, is receivable in evidence, provided it complies ·with certain requirements of procedure, is not questioned in any quarter. The difficulty with regard to the matter is, in large measure, due to the fact that an attempt is being made, in this connection, on certain alleged grounds of public policy, rigidly to maintain rules of procedure, as matters of substantive law, which are hard to sustain in point of reason. Just here has been, as it were, a fierce struggle in the law of evidence between the formalism of the past and the rationalism of the future. . . .

" 'It follows from the very definition of a confession that it must, as a total, incriminate the declarant, as to the crime charged in the indictment. It is not sufficient that the alleged confession should be a statement by one accused of crime admitting that he committed the overt act, if at the same time he sets up a justification, as self-defense,

or other exculpation, so that, when the entire effect of the statement is regarded, it is exculpatory. Such a declaration as has been described while admitting a fact is, in effect, a denial of the liability legally arising from the existence of the fact admitted. It is not, therefore, a confession, and is accordingly admissible under conditions which would exclude an actual confession, i. e., an inculpatory statement.' Under this text in Mr. Chamberlayne's work will be found collated an exhaustive list of authorities.

"As the statement testified to by the officer was wholly exculpatory, the court did not err in admitting it. We have written at length on this proposition, as some of our decisions have used language that one could hardly tell whether exculpatory statements were included in the term 'confession' as well as inculpatory statements, and as in our opinion only inculpatory statements are included, it necessarily follows that it is only when the statement is inculpatory in its nature it is inadmissible, unless it has been reduced to writing in accordance with the requirements of our Code. If the statement is wholly exculpatory, the State may introduce it as a circumstance in the case to be considered with the other evidence."

And in said Mason case we quote what was there said, as follows:

"In Whorton's case we discussed the distinction between exculpatory statements and inculpatory statements, or confessions, and frankly admitted that the authorities in this State were in conflict, and we then carefully considered those cases now cited by appellant, and overruled them; but, that no mistake may hereafter be made, we here and now expressly overrule each of the cases holding that exculpatory statements come within the same rule as confessions of a defendant. In addition to the authorities in Whorton v. State, 69 Texas Crim. Rep., 1, 152 S. W. Rep., 1082, we have had our attention called to Wigmore's Work on Evidence, section 821, volume 1. That learned writer says:

" 'What is a confession? Denials, guilty conduct, and self-contradictions, distinguished. A confession is an acknowledgment in express words, by the accused in a criminal case, of the truth of the main fact charged or of some essential part of it. It is to this class of statements only that the present principle of exclusion applies. In this sense therefore, there are in particular three things which fall without the meaning of the term "confession," and are thus not affected in any way by the present rules, namely (1) guilty conduct; (2) exculpatory statements, and (3) acknowledgments of subordinate facts colorless with reference to actual guilt.

" 'The conduct of an accused person falls clearly without the present principle, which rests on the theory that the trustworthiness of the accused's assertions is destroyed or weakened by circumstances supplying a motive for false assertion (post, sec. 822). That which is not an assertion, in some form or another, can, therefore, not be within the scope of such a principle; its probative use is not testimonial but circumstantial; and the frequency of its employment, free from the pres-

ent rules, may be seen by perusing the numerous rules of circumstantial evidence (ante, secs. 272-284) which apply to such evidence. The accused's conduct, therefore, consisting in fleeing from arrest, concealing the traces of crime, fabricating evidence, suppressing testimony, and other behavior indicative of a guilty consciousness, falls without the present rules.

" '(2) Exculpatory statements, denying guilt, can not be confessions. This ought to be plain enough, if legal terms are to have any meaning and if the spirit of the general principle is to be obeyed. This necessary meaning for the term "confession" is generally conceded.'

"In commenting on this rule of law, Mr. Wigmore says:

" 'The authorities dealing with this class of evidence sufficiently show that it is admitted without regard to the confession rules. In the courts of Texas alone, it would seem, the heresy prevails that conduct may be treated as a confession.'

"Again he says: 'In Texas, the sound doctrine, originally accepted, seems to have been ignored later,' citing Ferguson v. State, 31 Texas Crim. Rep., 91.

"The Ferguson case was cited and followed in Davis v. State, 24 S. W. Rep., 651, and by examining our reports it will be found that the rule of law announced in the Ferguson case was followed from the organization of our courts until the rendition of some later opinions, when the court undertook to give to the term 'confession' as used in our Code a meaning never theretofore attributed to the word, and which now has not the sanction of any text-writer so far as we have been able to ascertain. As supporting the rule of law as announced by Mr. Wigmore, and that the doctrine in the Bailey case, 40 Texas Crim. Rep., 150, 49 S. W. Rep., 102, is a 'heresy' as said by that eminent law-writer, he cites cases from almost every State in the Union, and gives a history of the rule showing much research and learning. Pentecost v. State, 107 Ala., 81, 18 So. Rep., 146; People v. Ammerman, 118 Cal., 23, 50 Pac. Rep., 15; Mora v. People, 19 Colo., 255, 35 Pac. Rep., 179; 1810, Swift, Evidence (Conn.), 133; Powell v. State, 101 Ga., 9, 29 S. E. Rep., 309, 65 Am. St. Rep., 277; State v. Spillers, 105 La., 163, 29 So. Rep., 480; Taylor v. State, 37 Neb., 788, 56 N. W. Rep., 623; State v. McDowell, 129 N. C., 523, 39 S. E. Rep., 840; State v. Vaigneur, 5 Rich. (S. C.), 400; Goodwin v. State, 114 Wis., 318, 90 N. W. Rep., 170; Michaels v. People, 208 Ill., 603, 70 N. E. Rep., 747; State v. Campbell, 73 Kan., 688, 85 Pac. Rep., 784, 9 L. R. A. (N. S.), 533, 9 Ann. Cas., 1203; State v. Thomas, 135 Iowa, 717, 109 N. W. Rep., 900; State v. Royce, 38 Wash., 111, 80 Pac. Rep., 268, 3 Ann. Cas., 351. We could continue these citations from this and other works indefinitely; but, in addition to the authorities herein cited and cited in the Whorton case, supra, we will only quote the following short excerpts from Mr. Wigmore's work:

" '1846, Ruffin, C. J., in State v. Broughton, 29 N. C., 101, 45 Am. Dec., 507: "It is altogether a mistake to call this 'evidence of a con-

fession by a prisoner.' . It has nothing of that character. It was not an admission of his own guilt, but, on the contrary, an accusation of another person. That it was preferred on oath in no way detracts from the inference that may be drawn from it unfavorably ·to the prisoner, as being a false accusation against another, and thus furnishing, with other things, an argument of his own guilt."

" '1862, Rice, J., in State v. Gilman, 51 Me., 225: "The declarations of accused persons are not necessarily confessions, but generally, on the other hand, they are denials of guilt, and consist in attempts to explain circumstances calculated to excite suspicion."

" '1895, DeWitt, J., in State v. Cadotte, 17 Mont., 315, 42 Pac. Rep., 857 (the accused took the stand to explain how in self-defense he killed the deceased; the State offered various previous explanations of his, showing self-contradictions) : "The other objection was that a portion of this testimony was a confession by the defendant, and it was not shown that such confession was made freely. . . . We are satisfied that the statements of the defendant sought to be proved were not confessions at ·all. Instead of being confessions of guilt, they were statements of his self-defense, statements in which he admitted the killing, and endeavored to show that he was obliged to kill to save his own life. They were admissions, to be sure, of the killing, but self-defending statements as to the same. And this was precisely the position he occupied upon the trial. He relying on self-defense for acquittal, it was competent to attack his credibility by proving statements made out of court as to the self-defense, contrary to those which he made as a witness on the trial."

" '1899, Granger, J., in State v. Novak, 109 Iowa, 717, 79 N. W. Rep., 465: "Inaccurate use of such words as 'confessions,' 'admission,' and 'declarations,' has led to some confusion in the cases; but, on authority and reason, there is a clear distinction between a confession and an admission or declaration, unless the admission or declaration has within it the scope and purpose of a confession, in which its distinctive feature, as an admission or declaration, is lost in the broader term 'confession.' A confession is a voluntary admission or declaration by a person of his agency or participation in a crime. . . . To make an admission or declaration a confession, it must in some way be an acknowledgment of guilt. . . . The manifest purpose of (the defendant's) ·statements was to show himself innocent, and, if his statements are true, he is innocent of the crime charged; so that by no possibility could he have been induced, because of the promise of secrecy, to relate what was untrue, to his prejudice." '

"The effort made in some of the cases in this court to give to the term 'confession,' as used in the statute, a definition and meaning to include ·all character of statements, is, in our opinion, unwarranted, against the great weight of authority, and as said in the Whorton case, supra, we adhere to the rule announced in the case of Ferguson v. State, 31 Texas Crim. Rep., 93, 19 S. W. Rep., 901, which Mr. Wigmore says

is the sound doctrine, and that in Texas alone is the 'heresy' announced in the Bailey case, 40 Texas Crim. Rep., 150, 49 S. W. Rep., 102, given any recognition."

And, in addition to the authorities cited in said Whorton and Mason cases, we cite the following, which are exactly in point and hold directly in accordance with the Ferguson case, supra, and cite and approve it: Young v. State, 61 Texas Crim. Rep., 305; Corporal v. State, 24 S. W. Rep., 96. It ought to be, and is, settled in this State that exculpatory statements by an accused under arrest are not prohibited from introduction in evidence against him as a confession, and the court properly admitted the testimony objected to in this cause. This case is on all fours with said Ferguson case, supra, and can not be distinguished therefrom.

Over appellant's objections the court permitted Mr. Waldrip to testify that Mr. Kenney, another State's witness, about a week after the overcoat was taken, told him that appellant had his overcoat; and also over his objections permitted Mr. Kenney to testify in substance that, about a week after Waldrip's coat had been taken, he told Waldrip he was quite sure that appellant had his overcoat and that he heard appellant say on that night that he was going to get one and that he picked up a gray coat and went off into another room with it, and he thought it was Mr. Waldrip's coat. The bills show that appellant was not present when these witnesses had the said conversation between themselves, did not hear it and knew nothing about it. This testimony was clearly inadmissible. (See 2 Vernon's Crim. Stats., p. 639, where some of the cases so holding are collated.)

For the error of the admission of this testimony by Waldrip and Kenney the judgment is reversed and the cause remanded.

*Reversed and remanded.*

MORROW, JUDGE (concurring).—In agreeing to the reversal of this cause we deem it proper to state that in our judgment the testimony given by the officers who had appellant under arrest, that while under arrest, without warning, he made in their presence a verbal statement which was used on the trial against him, was not admissible. The Code of Criminal Procedure, article 810, provides that the "confession of the accused shall not be used if at the time it was made the defendant was in jail or other place of confinement, or while he was in the custody of an officer, unless made in the voluntary statement of the accused taken before an examining court in accordance with law, or be made in writing and signed by him, which written statement shall show that he had been warned by the person to whom it was made." The purpose and effect of this statute is to prevent the prosecution from using against the accused the testimony of the officer having him under arrest, to a verbal statement made by the accused which the State seeks to use to prove his guilt. The correct rule, we think, is stated in Herman's case, 42 Texas Crim. Rep., 464, which is summarized in the

syllabus as follows: "A confession or admission of an inculpatory fact by a defendant, where he is under arrest and unwarned, can not be used as evidence against him. Any fact or circumstance involved in a. statement by defendant while in jail or under arrest, and when he has not been cautioned, which may be used by the State as a criminative or inculpatory fact against him, comes within the statutory rule as to confession, although the same may not be technically a confession or admission. And defendant can not be impeached as to such statements. Following Bailey v. State, 40 Texas Crim. Rep., 150." Other cases in point are the following: Wright v. State, 36 Texas Crim. Rep., 432; Williams v. State, 10 Texas Crim. App., 527; Parks v. State, 46 Texas Crim. Rep., 104; Brown v. State, 55 Texas Crim. Rep., 581; Adams v. State, 16 Texas Crim. App., 172; Wimberly v. State, 22 Texas Crim. App., 510; Rogers v. State, 44 Texas Crim. Rep., 353; Binkley v. State, 51 Texas Crim. Rep., 57; Nolan v. State, 9 Texas Crim. App., 419.

DAVIDSON, PRESIDING JUDGE.—I concur with Judge Morrow that inculpatory statements by party under arrest can not be used against him.

PRENDERGAST, JUDGE.—I dissent from the proposition decided in this concurring opinion. The question is, both by reason and authority, correctly decided in the opinion I have written herein.