## H. A. Clark v. The State.

### No. 5228.   Decided December 11, 1918.

**1.—Concealing Stolen Property—Confessions—Arrest.**

Where, upon trial of concealing stolen property, the State relied upon circumstantial evidence, a part of which consisted of verbal statements made by defendant while he was under arrest unwarned, and were such as the State was inhibited from using by the terms of the statute, article 810, C. C. P., the same was reversible error.

**2.—Same—Rules Stated—Arrest—Confession.**

If by the acts and conduct of an officer having the party in charge he is led to believe he is under arrest, or in his own mind conscious of being under arrest, then the confessions, not coming within any of the exceptions named or implied in the statute, are not admissible. Following Patrick v. State, 45 Texas Crim. Rep., 587, 74 S. W. Rep., 550, and other cases.

**3.—Same—Case Stated—Confession.**

Where the State introduced proof of defendant's statement, after he was taken to the sheriff's office, and while he was in company with the officer during the search of his room and place of business, and then introduced evidence to show that the statements thus proved to have been made by defendant were false, and they being contradictory of the defense urged upon the trial, were used against him by the State to prove his guilt, the same was reversible error. Following Dover v. State, 81 Texas Crim. Rep., 545.

**4.—Same—Confessions—Inculpatory Facts—Arrest—Rules Stated.**

A confession or admission of an inculpatory fact by defendant, where he is under arrest and unwarned, can not be used as evidence against him. Following Bailey v. State, 40 Texas Crim. Rep., 150, and other cases. Prendergast, Judge, dissenting.

Appeal from the District Court of Wichita. Tried below before the Hon. Wm. N. Bonner.

Appeal from a conviction of concealing stolen property; two years imprisonment in the penitentiary.

The opinion states the case.

*Weeks & Weeks,* for appellant.—On question of confessions: Patrick v. State, 45 Texas Crim. Rep., 587, 74 S. W. Rep., 550; Collins v. State, 57 Texas Crim. Rep., 410, 123 S. W. Rep., 582; Whorton v. State, 69 Texas Crim. Rep., 1, 152 S. W. Rep., 1082; Mason v. State, 74 Texas Crim. Rep., 256, 168 S. W. Rep., 115; Brown v. State, 71 Texas Crim. Rep., 45, 158 S. W. Rep., 533; Roberts v. State, 201 S. W. Rep., 998, and cases stated in the opinion.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, JUDGE.—Appellant was convicted of the offense of concealing stolen property.

The property involved was certain Michelin automobile casings and certain spark plugs. The State relied upon circumstantial evidence, a part of which consisted of verbal statements made by the appellant. The error complained of is predicated upon the proposition that these statements were made while appellant was under arrest, unwarned and were such as the State was inhibited from using by the terms of article 810, C. C. P.

The deputy sheriff, having appellant under suspicion of committing the offense, went to appellant's place of business and told him he wanted him to come to the sheriff's office. Appellant went into a room for the purpose of changing his clothes. His wife also went in the room and the deputy sheriff followed, requiring that appellant should have no conversation with his wife. On going to the sheriff's office with the officer, appellant was interrogated by him with reference to the property in question. He was dismissed at noon with instructions from the officer to return after lunch, which he did, remaining in company with the officer mentioned and another for some time, after which he was directed to accompany them in an automobile to his place of business, which they desired to search and which they did search in his presence; and during the search one of the automobile tires upon the possession of which the prosecution is founded, was found by the officers through their own efforts in searching the premises. Appellant was then taken by them in the automobile to his room, which was searched, after which they took him in the same manner to his place of business, and after making further search took him before the grand jury and immediately after he was released therefrom he was placed by said officers in jail. He understood that he was under arrest from the beginning.

The view taken by the State is that the appellant was not under arrest until he was taken to jail. This is more strict than the law contemplates. The rule stated in Patrick's case, 74 S. W. Rep., 551, is thus quoted: "If by the acts and conduct of an officer having the party in charge he is led to believe he is under arrest or is in his own mind conscious of being under arrest, then the confessions, not coming within any of the exceptions named or implied in the statute, are not admissible." It is not necessary that the arrest be made in formal words; it may clearly appear from the surrounding facts. Nolen v. State, 8 Texas Crim. App., 585; Nolen v. State, 9 Texas Crim. App., 419; Zimmermann v. State, 64 Texas Crim. Rep., 114; Jones v. State, 52 Texas Crim. Rep., 206; Jones v. State, 44 Texas Crim. Rep., 405; Buckner v. State, 52 Texas Crim. Rep., 271; Calloway v. State, 55 Texas Crim. Rep., 262; Fry v. State, 58 Texas Crim. Rep., 169; Oliver v. State, 81 Texas Crim. Rep., 529, 197 S. W. Rep., 185.

During the appellant's examination by the officers in the sheriff's office he declared that he did not handle Michelin tires, and during the search in his place of business, the officers having discovered a Mech-

elin tire with the number cut off, and calling appellant's attention thereto, appellant stated, yes; and was then asked if he had any more Mechelin tires, to which he replied, no. He also said that the tire first found was a "second." To this one of the parties replied, the Mechelin people do not make "seconds." Appellant declared that they did. He was also asked where he got the tire, replying that it was on a car he traded for. He also said, in response to questions asked him about other Mechelin tires found in his place of business, that he bought them on a Ford. He also said, in response to an inquiry by the officers, that he did not know there were any spark plugs in his desk or trunk; that he had had to buy some because he did not think he had any.

Appellant's defense on the trial was that he had bought the spark plugs found in his possession, and that he had bought the four Mechelin tires in his possession from a person who brought them to his place of business. The State introduced proof of his statements after he was taken to the sheriff's office and while he was in company with the officers during the search of his room and place of business, and then introduced evidence to show that the statements thus proved to have been made by appellant were false, and they being contradictory of his defense urged upon the trial were used against him by the State to prove his guilt.

A like state of facts was passed upon in the case of Dover v. State, 81 Texas Crim. Rep., 545, 197 S. W. Rep., 197. The remarks made in the concurring opinion in that case express our views with reference to the admissibility of the statements used against appellant and made by him while he was under arrest and unwarned. From that opinion the following quotation is taken: "In agreeing to the reversal of this cause we deem it proper to state that in our judgment the testimony given by the officers who had appellant under arrest, that while under arrest, without warning, he made in their presence a verbal statement which was used on the trial against him, was not admissible. The Code of Criminal Procedure (article 810) provides that: 'The confession (of the accused) shall not be used if, at the time it was made, the defendant was in jail or other place of confinement, nor while he is in the custody of an officer, unless made in the voluntary statement of accused, taken before an examining court in accordance with law, or be made in writing and signed by him, which written statement shall show that he has been warned by the person to whom it was made.' The purpose and effect of this statute is to prevent the prosecution from using against the accused the testimony of the officer having him under arrest to a verbal statement made by the accused which the State seeks to use to prove his guilt.

"The correct rule, we think, is stated in Herman's case, 42 Texas Crim. Rep., 464, 60 S. W. Rep., 766, which is summarized in the syllabus as follows: 'A confession or admission of an inculpatory fact by a defendant, where he is under arrest and unwarned, can not be used as evidence against him. Any fact or circumstance involved in a state-

ment by defendant while in jail or under arrest, and when he has not been cautioned, which may be used by the State as a criminative or inculpatory fact against him, comes within the statutory rule as to confession, although the same may not be technically a confession or admission. And defendant can not be impeached as to such statements, following Bailey v. State, 40 Texas Crim. Rep., 150 (49 S. W. Rep., 102.)'

"Other cases in point are the following: Wright v. State, 36 Texas Crim. Rep., 432; Williams v. State, 10 Texas Crim. App., .527; Parks v. State, 46 Texas Crim. Rep., 104; Brown v. State, 55 Texas Crim. Rep., 581; Adams v. State, 16 Texas Crim. App., 172; Wimberly v. State, 22 Texas Crim. App., 510; Rogers v. State, 44 Texas Crim. Rep., 353; Nolen v. State, 9 Texas Crim. App., 419; Binkley v. State, 51 Texas Crim. Rep., 57."

The judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*

PRENDERGAST, JUDGE.—I believe the opinion I wrote in Dover v. State, 81 Texas Crim. Rep., 545, 197 S. W. Rep., 198, is correct, and I therefore respectfully dissent.