Albert Benjamin HARRISON, Appellant,

v.

The STATE of Texas, Appellee.

No. 53245.

Court of Criminal Appeals of Texas.

Oct. 19, 1977.

James Sparks, Jr., Beaumont, for appellant.

Tom Hanna, Dist. Atty. and Paul E. Naman, Asst. Dist. Atty., Beaumont, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

PHILLIPS, Judge.

This is an appeal from a conviction for murder under the former penal code. Art. 1256, V.A.P.C. Punishment was assessed at seven years' confinement.

On June 16, 1973, appellant was arrested and charged with the murder of Daisy Taylor at the home of Robert Mouton. During the trial, it was established that the deceased, the appellant, Janette Landry and Robert Mouton were present when the shooting occurred. Mouton testified that all four persons were in the bedroom of his apartment and that as he started to leave the room he heard a shot. He immediately turned and observed the appellant with a gun in his hand pointing at the deceased.

The appellant testified that while he had been in the apartment most of the evening, he left the apartment to get a package of cigarettes. He stated that he first learned of the shooting when he returned from the store. Then, over objection and after a hearing outside the presence of the jury, the prosecutor was allowed to ask appellant if, after his arrest and during his ride to the police station, he told police officers that he had been cleaning the gun and it accidentally discharged, striking Daisy Taylor. Appellant denied making such a statement.

The State then recalled Officer Airhart, who testified, without objection, that appellant told him and the other officers that while he had been cleaning the gun it had accidentally fired and struck the deceased.

Appellant contends that this statement was a confession and, as such, the trial court erred in allowing testimony concerning the statement. Art. 38.22, V.A.C.C.P. The State, however, in its brief argues that the statement made was "exculpatory" and did not fall within the ambit of Art. 38.22, nor within this Court's decision in *Butler v. State*, 493 S.W.2d 190 (Tex.Cr.App.1973).

The *Butler* decision outlines the extensive case history behind Art. 38.22, pointing out the conflict in the cases as to whether "exculpatory" statements are included within our confession statute. In *Butler*, we spe-

cifically declined to decide if Art. 38.22 embraced exculpatory statements. In deciding the admissibility of the statement in that case, we held:

"The oral statement used for impeachment was not an exculpatory one. It was not, on the other hand, one that was incriminating, standing alone. It was an acknowledgement of subordinate facts, colorless with reference to actual guilt. It was used, however, as a direct attack upon appellant's testimony and to show that such testimony was false. And, in this sense, it was oral inculpatory testimony not within any of the exceptions pertaining to oral confessions or statements and, being by decisional law within the ambit of the statute, it was neither admissible as original evidence or for impeachment." *Butler* at page 196–97.

■ As illustrated by the *Butler* decision, the question here presented is not controlled by the labeling of a statement as either inculpatory or exculpatory. The issue is *whether any fact or circumstance contained in an oral statement of an accused may be used by the State as a criminative or inculpatory fact against him.* This is, in essence, the purpose of our confession statute.

"The purpose and effect of this statute is to prevent the prosecution from using against the accused the testimony of the officer having him under arrest to a verbal statement made by the accused which the state seeks to use to prove his guilt." *Dover v. State*, 81 Tex.Cr.R. 545, 197 S.W. 192, 196 (1917) (Concurring opinion by Judge Morrow).

■ In the instant case, the oral statement of the appellant was introduced by the State to negative and destroy his defense of alibi and is therefore incriminating evidence in the nature of a confession. The appellant's statement clearly falls within the purpose and spirit of the statute if not within the very letter of Art. 38.22. The plain language of the statute provides:

"In all cases where a question is raised as to the voluntariness of a *confession or statement*, the court must make an independent finding in the absence of the jury as to whether the *confession or statement* was made under voluntary conditions. If the *confession or statement* has been found to have been voluntarily made and held admissible as a matter of law and fact by the court in a hearing in the absence of the jury, the court must enter an order stating its findings, which order shall be filed among the papers of the cause. Such order shall not be exhibited to the jury nor the finding thereof made known to the jury in any manner. Upon the finding by the judge as a matter of law and fact that the *confession or statement* was voluntarily made, evidence pertaining to such matter may be submitted to the jury and it shall be instructed that unless the jury believes beyond a reasonable doubt that the *confession or statement* was voluntarily made, the jury shall not consider such *statement or confession* for any purpose nor any evidence obtained as the result thereof. In any case where a motion to suppress the *statement or confession* has been filed and evidence has been submitted to the court on this issue, the court within its discretion may reconsider such evidence in his finding that the *statement or confession* was voluntarily made and the same evidence submitted to the court at the hearing on the motion to suppress shall be made a part of the record the same as if it were being presented at the time of trial. However, the state or the defendant shall be entitled to present any new evidence on the issue of the voluntariness of the *statement or confession* prior to the court's final ruling and order stating its findings." (Emphasis added.)

As is readily ascertainable, the Legislature did not draw a distinction in the statute between exculpatory and inculpatory statements, but rather, sought to prohibit all statements which are incriminating.

This was the interpretation applied in the *Butler* decision, and although the Legislature could have spoken to this question, it had not done so at the time of appellant's

trial. It must be presumed that the Legislature approved this interpretation. It is the function of the Legislature, not this Court, to amend the wording of Art. 38.22.[1]

For the reasons stated herein, the judgment is reversed and the cause remanded.

DOUGLAS, Judge, concurring.

For many years, this Court has followed the rule that statements made by one while under arrest are not admissible even though they were not the result of custodial interrogation. See *Butler v. State,* 493 S.W.2d 190 (Tex.Cr.App.1973) and *Garner v. State,* 464 S.W.2d 111 (Tex.Cr.App.1973). These cases and many of their predecessors have been uniformly followed. Under such decisions, the result of this case is correct. The majority notes that after so many years of uniform statutory construction the Legislature and not this Court should change the rule.

Apparently, the Legislature has done that, because Tex.Laws 1977, ch. 348, Sec. 5, at 936, amending Article 38.22, V.A.C.C.P. (effective August 29, 1977) has rendered inoperative the statutory construction in the *Butler* and *Garner* cases.

Section 5 of Article 38.22, as amended, now provides:

"Nothing in this article precludes the admission of a statement made by the accused in open court at his trial, before a grand jury, or at an examining trial in compliance with Articles 16.03 and 16.04 of this code, or of a statement that is the res gestae of the arrest or of the offense, *or of a statement that does not stem from custodial interrogation,* or of a voluntary statement, whether or not the result of custodial interrogation, that has a bearing upon the credibility of the accused as a witness, or of any other statement that may be admissible under law." (Emphasis added.)

Since lawyers and trial judges have relied upon our previous holdings for so many years, this writer will follow those cases until cases are tried under the new provisions of Article 38.22, Sec. 5, supra.

ODOM, Judge, dissenting.

Before stating my grounds for dissent, and without excessive emphasis, I call attention to one statement in the majority opinion that may lead some to misconstrue that opinion in one respect. Although the majority state that Officer Airhart testified regarding the complained of statement "without objection," this should not be construed as holding that Article 38.22, V.A.C. C.P., issues may be raised whenever there is no objection. The majority also point out that appellant objected and secured a ruling in a hearing outside the presence of the jury when the matter first arose. The issue was preserved under Article 40.09(6)(d)(3), V.A.C.C.P.

I will now state my grounds for dissenting to the majority's disposition of the issue upon which the judgment is reversed.

In his second ground of error appellant contends the trial court erred in admitting over timely objection a prior statement made while in custody. This was a volunteered exculpatory oral statement made after his arrest and warnings of constitutional rights, and offered for the purpose of impeaching appellant's alibi defense and his denial of having made the volunteered exculpatory statement. No issue of voluntariness [1] is present in this case, and, although no statutory or case authorities are cited by appellant, he apparently relies on Art. 38.-22, Sec. 1, V.A.C.C.P.[2] The exculpatory statement is not a confession, and therefore is not within the ambit of Article 38.22, Sec. 1, supra.

In *Butler v. State,* 493 S.W.2d 190, the Court confronted a similar situation. In that case, after a review of the legislative

---

1. We do not here address the question of how the amendment to Art. 38.22 affects our holding herein. See Acts 1977, 65th Legislature, p. 935, ch. 348, effective August 29, 1977.

1. Cf. Art. 38.22, Secs. 2 and 3, V.A.C.C.P.

2. This article was significantly changed by Acts 1977, 65th Leg., ch. 348, p. 935. The amendment does not apply to this case.

history of the confession statutes, the Court reached a conclusion on the legislative policy underlying those acts:

"Thus, the legislature has made a statutory determination that proof of extrajudicial oral *confessions* made while in custody are generally unreliable." (Emphasis added) *Butler v. State,* 493 S.W.2d at 193.

*Butler* also stands for this second significant proposition:

"For over seventy-five years, the law in Texas has been that a *confession,* inadmissible in the State's case in chief, is not admissible for the purpose of impeaching an accused as a witness in his own behalf." (Emphasis added) *Butler v. State,* 493 S.W.2d at 193.

For these two propositions, *Butler* is still sound authority.[3]

Beyond these two firmly established rules, *Butler* examined the "continuing conflict in the cases as to whether exculpatory statements are included within the confession statute . . . ." 493 S.W.2d at 196. In reviewing decisions on the matter, it was demonstrated that the authorities indeed are in conflict. Among the cases holding exculpatory statements within the ambit of the statute are *Hernan v. State,* 42 Tex. Cr.R. 464, 60 S.W. 766 and *Lightfoot v. State,* 117 Tex.Cr.R. 515, 35 S.W.2d 163. Among the cases holding exculpatory statements not within the ambit of the statute are *Whorton v. State,* 69 Tex.Cr.R. 1, 152 S.W. 1082; *Mason v. State,* 74 Tex.Cr.R. 256, 168 S.W. 115, and *Terry v. State,* Tex. Cr.App., 420 S.W.2d 945. Thus, the winds of change have swept over this issue on repeated occasions in the past.

In *Butler,* however, "The oral statement used for impeachment was not an exculpatory one." 493 S.W.2d at 196. The oral statement used for impeachment in the case at bar was exculpatory. At trial appellant testified to an alibi at the time of the shooting. In his volunteered statement, unsolicited and not in reply to any questions, appellant related to the arresting officer during the ride to the police station that while he was cleaning the gun it accidentally discharged, striking the deceased. Today the question is again squarely presented, of whether an exculpatory statement is within the ambit of Article 38.22, Sec. 1, supra.

We should hold that a wholly exculpatory statement, such as the one in this case, is not a confession, and overrule *Butler v. State,* supra, to the extent of its conflict with that proposition. It is not necessary to enter upon a lengthy discussion of why an exculpatory statement is not a confession or of why a denial is not an admission. That one is not the other is plain from the words. If a detailed explanation is desired, one may be found in *Whorton v. State,* supra, and *Mason v. State,* supra, both of which are quoted at length in the opinion of Judge Prendergast in *Dover v. State,* 81 Tex.Cr.R. 545, 197 S.W. 192. Article 38.22, Sec. 1, supra, and its predecessors, by the very language used, address confessions, not exculpatory statements.

The majority rely on two ill-founded positions to hold the exculpatory statement within the ambit of Art. 38.22, Sec. 1, supra. First, the majority quote Art. 38.22, *Sec. 2,* supra, and emphasize the repeated use of the phrases "confession or statement" and "statement or confession" as evidence of legislative intent to draw no distinction between confessions and exculpatory statements. The use in section 2 of two distinct terms, "confession" and "statement," indicates that the Legislature did not consider them synonymous or identical in scope. The issue in this case, furthermore, is not one of the voluntariness of a statement under Section 2, but rather, one of the admissibility of a confession under Section 1. Reliance on the language of Section 2 is misplaced.

Second, the majority rely on the failure of the Legislature to disapprove the interpretation given Art. 38.22, supra, in *Butler v. State,* supra, as approval of that interpretation. That position is unpersuasive because the Legislature has consistently failed to show disapproval of this Court's con-

3. But see note 2, above.

struction of the statute despite repeated changes in that construction, as pointed out above and in *Butler*. Compare *Hernan* and *Lightfoot* with *Whorton, Mason,* and *Terry,* all supra. Furthermore, legislative disapproval of the *Butler* construction is beside the point because, as acknowledged by the majority, "In *Butler,* we specifically declined to decide if Art. 38.22 embraced exculpatory statements." (Majority opinion, at 812, 813). Because *Butler* did not decide the issue presented here, the Legislature's failure to act has no significance.

I would overrule the ground of error and affirm the judgment.

ROBERTS, J., joins in this dissent.