STATE, RESPONDENT, v. CADOTTE, APPELLANT.

[Submitted December 2, 1895. Decided December 9, 1895.

CRIMINAL LAW—*Juror—Competency.*—A juror who, upon examination, has shown no bias, either implied or actual, is not disqualified by reason of being a brother-in-law of the prosecuting attorney, as such relationship is not ground of challenge under sections 2046 *et seq.* of the Penal Code.

SAME—*Witness—Competency.*—A boy fifteen years of age, called as a witness, who answers that he understood what he had done when he took the oath; that he knows the difference between truth and falsehood; that the truth was that which was so and not that which was not so, and that he knew that if he did not tell the truth he would be punished, sufficiently qualifies himself to testify in a criminal case.

SAME—*Evidence—Identification of clothing.*—Clothing worn by the deceased at the time of the killing, and offered in evidence by the state, is sufficiently identified by the testimony of the coroner that he had taken the clothes from the body of the deceased, together with the testimony of another witness that she knew the clothes that the deceased was wearing and that they were the same clothes that were produced by the coroner.

SAME—*Evidence.*—On a trial for murder, a knife claimed to have been in the hand of the deceased, when killed, but not clearly identified, is inadmissible.

SAME—*Trial—Examination of witness.*—Where a question is asked by the prosecution before an objection can be made, but no answer is given, and the jury is cautioned by the court to disregard the question, there is no error of which the defendant can complain.

SAME—*Evidence—Credibility of witness.*—Where the defendant, on trial for murder, relies on self defense for acquittal, it is competent to attack his credibility by proving statements made out of court as to self defense, contrary to those which he makes as a witness on the trial.

SAME—*Trial—Statement of counsel in argument.*—On a trial for murder, a remark of the prosecuting attorney in argument to the jury, referring to a birth mark on defendant's neck, that "we, too, are superstitious; and it is an old saying and by some believed to be true, that a man to be hung is known by his neck," is not ground for reversal where no objection was made at the time by defendant's counsel, nor any request made for an instruction to the jury to disregard the language. (*State* v. *Jackson,* 9 Mont. 503.)

SAME—*Instructions—Self defense.*—Under section 362 of the Penal Code, providing that to justify homicide, the circumstances must be sufficient to excite the fears of "a reasonable person" and the party killing must have acted under the influence of such fears alone; an instruction which makes the measure of justification "the sense of danger appearing to the defendant, and to men or individuals of his race" is properly refused.

SAME—*Instruction—Degrees of Offense.*—An instruction that: "Under an information charging the defendant with murder in the first degree you can also find the defendant guilty of murder in the second degree, or manslaughter, or you can find the defendant not guilty, if you do not find the defendant guilty of murder in the first degree," is not open to the objection that it requires the jury to convict of murder in the first degree if they do not acquit.

*Appeal from Tenth Judicial District, Choteau County.*

CONVICTION for murder in the first degree. The defendant was tried before Du Bose, J. Affirmed.

*John B. Tattan* and *W. B. Sands,* for Appellant.

*Henri J. Haskell,* Attorney General, and *B. L. Powers,* for the state, Respondent.

DE WITT, J.—The defendant was convicted of the crime of murder in the first degree. He appeals from the judgment and from an order denying him a new trial. (Penal Code 1895, § 2272.) Counsel for appellant, who was appointed by the district court, also appeared in this court, and argued the appeal. He has conscientiously presented such matters as appeared to him to be worthy of consideration. There is, indeed, but little in the appeal that merits serious attention, but the gravity of the offense is perhaps a reason for treating to some extent the questions which appellant's counsel has called to our attention. They will be treated in their order, as follows :

Juror Johnson was challenged for cause, because he was a brother-in-law of the county attorney, who was prosecuting. The court denied the challenge. Appellant alleges error. This fact did not disqualify the juror. (Penal Code 1895, § 2046, *et seq.*) Furthermore, the examination of this juror upon his *voir dire* does not at all tend to show any bias, either implied or actual. (Id. § 2048.)

Objection is also made to the ruling of the court in allowing Nelson Grandchamp, a boy 15 years of age, to testify. Section 2440, Penal Code 1895, is as follows : "The rules for determining the competency of witnesses in civil actions are applicable also to criminal actions and proceedings, except as otherwise provided in this Code." Section 3162, Code of Civil Procedure 1895, is as follows : " The following persons cannot be witnesses : 1. Those who are of unsound mind at the time of their production for examination. 2. Children under 10 years of age, who appear incapable of receiving just impressions of the facts respecting which they are examined, or of relating them truly." It is argued by appellant that this witness did not sufficiently understand the nature of an oath, and his duties and obligations as a witness. The witness,

upon being asked if he understood what he had done when he took the oath as a witness, answered that he did, and that he knew the difference between truth and falsehood and the difference° between telling the truth and telling a lie; and that he knew that he was there to tell the truth, and that he knew the truth was that which was so, and not that which was not so, and that he understood he was there to tell what was so. He said the truth did not mean to tell something he did not know, but, on the contrary, meant to tell what he knew. He said he knew that if he did not tell the truth he would be punished. There was a long examination of the witness, and the answers were to the effect above noted. Counsel finally frightened and confused the witness by his questions, so that he stood mute, but when examined by the court and the county attorney he very clearly qualified himself in the testimony above given.

The clothing worn by the deceased at the time of the killing was introduced in evidence. Defendant's counsel objected to its introduction, on the ground that it was not sufficiently identified as the garments worn by the deceased when he was killed. The coroner, as a witness, testified that he had with him the clothes that he took off the body, and thereupon produced them, and said they were taken from the body. Mrs. Julia Grandchamp, afterwards called as a witness, said that she knew the clothes that the deceased was wearing, and that they were the same clothes that were produced by the coroner in the court room. There is no question about the clothes being identified. The alleged lack of identification was the only objection. They were offered for the purpose of shedding some further light upon the course which the bullet took through the body of the deceased.

The defendant desired to introduce in evidence a knife, it being claimed that the deceased had a knife in his hand when defendant shot him. The court refused to allow the knife to be introduced, for the reason that it had not been shown that it was the knife which the deceased had at the time of the killing. It very clearly appears that the identification of the

knife was wholly insufficient. The defendant himself said he could not tell whether it was the knife or not.

The county attorney asked a witness—Isadore Sorell— whether he had heard the defendant, in the presence of certain parties named, make the following statement to Major Carter: "I shot Oliver Grandchamp as he was running towards the house, after I had told him to stop." This question was asked by the county attorney, and objected to by the defendant's counsel, and the objection sustained. The error which the appellant now claims is the allowing the question to be asked. But the question was asked before objection could be made. It was never answered, and at the request of the defendant's counsel the court cautioned the jury that they should pay no attention to the question. There was no error committed here of which the defendant can complain.

There was a considerable volume of testimony offered by the state to which objections were similarly made, but it all comes under one principle, and may be set forth in one statement. The defendant went upon the stand himself. He admitted that he shot and killed Oliver Grandchamp. His defense was self-defense. He stated upon his examination as a witness what he claimed to be the facts in regard to the killing, and in regard to what he claims was his self-defense. Thereupon the county attorney asked him a number of questions to the effect of whether he had not made certain statements (reciting them) at certain times and places, in the presence of certain people. These statements, as recited by the county attorney, appeared to be the defendant's accounts of the killing, given at such other times and places prior to the trial. The statement of the defendant which the county attorney desired to show that he had made was repeated in full in the question. Witnesses were afterwards called by the state to prove that defendant had, prior to the trial, and at the times and places, and in the presences mentioned, made the statements about the killing as to which defendant had been interrogated. The fact is that these alleged statements made by the defendant before the trial in some respects did not differ largely from his evidence given

on the trial.    Defendant's counsel made two objections to this class of testimony.    The first objection was that a portion of the testimony was a confirmation, and not a contradiction, of the testimony given on the stand.    If it were a confirmation, it certainly could not be objected to by the defendant.  He was getting the benefit of a self-serving declaration.  The other objection was that a portion of this testimony was a confession by the defendant, and it was not shown that such confession was made freely, deliberately, and voluntarily, and without the influence of promises or threats.  In the first place, we are of opinion, even if it were a confession, that it very sufficiently appeared that whatever statements defendant had made before the trial were made voluntarily, freely, and deliberately, and not under the influence of threats or promises.  In the second place we are satisfied that the statements of the defendant sought to be proved were not confessions at all.    Instead of being confessions of guilt, they were statements of his self-defense, statements in which he admitted the killing, and endeavored to show that he was obliged to kill to save his own life.    They were admissions, to be sure, of the killing, but self-defending statements as to the same.    And this was precisely the position he occupied upon the trial.    He relying on self-defense for acquittal, it was competent to attack his credibility by proving statements made out of court as to the self-defense, contrary to those which he made as a witness on the trial.

Another reason presented by the appellant for granting a new trial is misconduct of the county attorney.    It appears that upon the argument the county attorney used the following language:    "We, too, are superstitious;  and it is an old saying, and by some believed to be true, that a man to be hung is known by his neck."    Counsel has here stated that defendant had a birthmark upon his neck.    His contention is that under these circumstances the remarks of the county attorney to the jury were such misconduct as should grant a new trial. But the judge, in settling the bill of exceptions, states that no exception was taken by the defendant's counsel to these ob-

jectionable remarks by the county attorney. The court was not requested to reprimand the county attorney, or to stop him in the remarks which he was making, nor was there any request that the jury be cautioned to disregard the language. The remarks of the county attorney in commenting upon personal deformities of the defendant on trial were certainly reprehensible. But, defendant's counsel being present, and there being no exception taken, and no complaint at the time when the matter could have been remedied, under the circumstances in this case we are of opinion that the judgment should not be reversed. (*State* v. *Jackson*, 9 Mont. 508.)

The defense being self-defense, the court very fully instructed the jury upon this subject, and upon the question of the imminence and urgency of the presumed danger which would justify one in killing. In addition, the defendant requested the following instruction: "The court further instructs you that in judging the degree or sense of danger stated in instruction on page fourteen it must be that sense of danger appearing to the defendant at that time, and to men or individuals of his race, standing, individuality, and intelligence, and with this qualification you will consider the instruction as to threats on page fourteen of these instructions." This was refused, and we think properly. The Penal Code of 1895 provides, in section 362, as follows: "A bare fear of the commission of any of the offenses mentioned in subdivisions two and three of the preceding section, to prevent which homicide may be lawfully committed, is not sufficient to justify it. But the circumstances must be sufficient to excite the fears of a reasonable person, and the party killing must have acted under the influence of such fears alone." As noted above, the court amply instructed under the meaning and spirit of this section of the statute. The additional instruction requested and refused asked the court to put this defendant upon a wholly different standing than that provided by law as to all defendants. The situation must be such as to excite the fears of a reasonable person. The instruction refused would put the matter not as to a reasonable person, but rather as to such a person as this defendant was.

The appellant also complains of the following instruction: "Under an information charging the defendant with murder in the first degree you can also find the defendant guilty of murder in the second degree, or manslaughter, or you can find the defendant not guilty, if you do not find the defendant guilty of murder in the first degree." He contends that under this instruction the court told the jury, in effect, that they could find the defendant either guilty of murder in the first degree or acquit him altogether, and did not leave it to the jury to find him guilty of murder in the second degree or of manslaughter. We think the criticism of the instruction is verbal, rather than meritorious. The language is not artistic. The last clause of this sentence is misplaced. It should have been at the commencement; then the instruction would have been wholly clear. But, even as it is, we think it was not subject to misunderstanding. It sufficiently informed the jury that under the information, if they did not find the defendant guilty of murder in the first degree, they could find him guilty of second degree, or manslaughter, or not guilty. The judgment and the order denying the new trial are affirmed.

Under Penal Code 1895, §§ 2254, 2325, 2278, and 2327, there is nothing for this court to do beyond rendering the judgment of affirmance. If, by reason of the stay caused by the appeal, the time set for execution has passed before this decision is made, the further proceedings are to be conducted in the district court.

*Affirmed.*

Pemberton, C. J., and Hunt, J., concur.