THE STATE OF MONTANA, PLAINTIFF AND RESPONDENT, *v.*
DOUGLAS DOE, DEFENDANT AND APPELLANT.
No. 10967.
Submitted October 18, 1965. Decided December 17, 1965.
409 P.2d 439.

Arnold A. Berger, Billings, James J. Sinclair, Billings
(argued), for appellant.

Forrest H. Anderson, Helena, James R. Beck, Helena (argued), John L. Adams, Billings, Harold F. Hanser, Billings (argued), for respondent.

MR. JUSTICE DOYLE delivered the Opinion of the Court.

The defendant herein was charged and convicted of assault in the first degree by a jury. Trial was had in Yellowstone County before the Honorable C. B. Sande as presiding judge. The verdict of guilty as charged was returned by the jury on January 26, 1965. Sentence of ten years at the State Prison was pronounced on January 29, 1965.

From the jury verdict and judicial sentence of ten years the defendant appeals citing three specifications of error, the first being misconduct on the part of the county attorney in exhibiting to the jury a .25-caliber Browning automatic pistol. The second specification is that the verdict is contrary to the evidence and not supported by the evidence. The third specification is that the court erred in receiving evidence, being empty shell jackets which were illegally obtained from the rear seat and floor of a 1952 Buick belonging to Deneice Keller.

The facts in this case are clear and concise as will hereafter appear. The defense was not unlike the aged nursery rhyme entitled "The Little Man Who Wasn't There."

On the afternoon of November 22, 1964, the defendant with his girl friend Deneice Keller, and two other couples partook of the cup that cheers and then adjourned to what is known as the "Billings Bench" for target practice. The defendant had purchased and had in his possession at this time a .25-caliber Browning automatic pistol, designated over the years by custom as a "vest pocket" firearm by reason of its minute size.

Later in the afternoon, this group cooked and ate a steak dinner, with liquid refreshments. Following this repast the defendant and Miss Keller went to the bar where the victim, Francis Palmer was tending bar. Later they picked up Miss Keller's 1952 Buick auto and then went to a cafe where they picked up Palmer who had completed his bartending shift.

The record discloses that one of the tires of the Buick in which the trio were riding developed a slow leak and they stopped at a filling station to have it repaired. The defendant asked Palmer to pay for it, Palmer refused. A slight argument resulted. This court is asked to believe that this invitation and refusal to pay this small sum was the cause of the grave subsequent events.

After leaving the filling station, with the defendant driving, Miss Keller seated between the defendant and Palmer, the trio drove to the Palmer home at 108 South 26th Street. Both men got out of the car and walked to the rear of the Buick. The time is fixed as between 3:00 a. m. and 3:30 a. m. on the morning of November 23, 1964.

Miss Keller testified that there was no one else present and visible in the area.

Palmer had four gun shot wounds, the bullets entering the right lung, the right diaphragm, the right kidney and liver, two of the slugs recovered from Palmer's body were .25 caliber. The other two were not removed.

The defendant contends that he was talking to Palmer when the fusilade commenced, that he was frightened of the barrage, leaped into the Buick and drove away and that he, at this time, was not armed, having loaned the Browning pistol to one Stanley several hours before the shooting.

From the record we deduce that the defendant and Palmer were facing each other about four or five feet apart at the rear of the Buick when the shots were fired. Miss Keller, an eye witness testified she heard three or four shots fired at the rear of her car and saw three or four flashes of the discharge of the gun, that she saw Palmer lying on the pavement; that she said to the defendant "Let me get Francis [Palmer] a doctor."; that the defendant Doe stated "There wasn't anything that could be done now."; and that the defendant Doe asked the witness Keller not to make any statement, if any thing happened. The witness further testified that the defendant had

a little automatic gun and that it was fired on the morning in question.

Detective Dale Whitaker of the Billings Police Department testified that on November 23rd he went to the home of Francis Palmer at 108 South 26th Street, and on searching the pavement found four empty shell casings fired from a .25-caliber automatic pistol near the curb in front of the Palmer home.

He further testified that he found two empty shell casings for a .25-caliber automatic pistol on the floor of the Buick car of Miss Keller.

Mr. Whitaker also found two empty shell casings on the ledge behind the rear seat of the Buick, all of the empty shell casings were admitted in evidence.

Another reference to the shell casings found in the Buick is when defense counsel asked the witness Whitaker if he had a search warrant and the answer was in the negative. This statement of facts comprises the third and primary specification of error cited by the defendant.

We note that no motion to suppress this evidence was made either prior to, or during the trial. The sole objection to the admission of the empty shell casings was: "Object to the admission of those above mentioned exhibits [shell casings] into evidence as to improper foundation and also on the basis of relevancy."

The trial court properly overruled the objection as a proper foundation had been laid for the admission of the exhibit.

In State v. London, 131 Mont. 410, 310 P.2d 571, this court held that *any* exhibit having a direct connection with the commission of a crime is admissible.

In State v. Allison, 122 Mont. 120, 133, 199 P.2d 279, 287, we said: "The applicable rule of law is stated by this court as follows in State v. Harris, 66 Mont. 34, 213 P. 215, 217: '* * * the general rule being that weapons found at or near the place of arrest are properly admitted in evidence as a part of the history of the arrest, and as bearing on the crime, although not

clearly shown to have been the property of the accused or used in the commission of the crime."

" 'Weapons, tools, bullets, instruments, or other articles which appear from other evidence to have been employed in the commission of the crime are admissible in evidence.' State v. Byrne, 60 Mont. 317, 325, 199 P. 262, 264." Also 22A C.J.S. Criminal Law § 712. IV Nichols, Applied Evidence, p. 3276, § 341, and V Nichols, Applied Evidence, p. 4716, § 9.

As to relevancy the exhibits were clearly competent in view of the silence of the record on any objection to search and seizure. Defendant cannot now put the trial court in error by his attempt to raise this question for the first time in this court. See State v. Campbell, 146 Mont. 251, 405 P.2d 978, and cases cited therein.

Having disposed of Specification of Error 3 we will consider Specification of Error 1 dealing with the purported misconduct of the county attorney in exhibiting the .25-caliber Browning automatic to the jury. The state called as a witness, a Mr. Peter Doss who sold hand guns in the City of Billings. The witness testified that he sold the defendant a new .25-caliber Browning automatic pistol on November 7, 1964, or 15 days prior to the shooting of Palmer. He testified that he knew the defendant and when handed a Browning pistol testified that it was identical to the gun sold the defendant. This gun identical to the one owned by the defendant was identified by the witness without objection on the part of the defense, until later, on cross-examination, defense moved to have the testimony stricken by reason of not being the best evidence, which objection was overruled.

To continue in logical continuity the testimony of Mr. Doss, the prosecution called Robert A. Frazier, a ballistic expert and Special Agent of the Federal Bureau of Investigation. Mr. Frazier testified that all of the eight empty shell casings in evidence were fired from the same gun.

The State was unable to locate or find the gun of the defendant and the court refused to admit the identical gun to the

one owned by the defendant and produced by Mr. Doss in evidence.

The defense predicates his objection on the brandishing of the gun before the jury citing State v. Cadotte, 17 Mont. 315, 42 P. 857. In Cadotte this court held that the defendant could not introduce into evidence a knife not properly identified.

In this cause there is no evidence in the record of bad faith on the part of the county attorney, neither does the record show any brandishing of the weapon. See 23A C.J.S. Criminal Law § 1087, pp. 115-116. (Compare People v. Rauncho, 8 Cal. App.2d 655, 47 P.2d 1108.)

The second and final specification of error urges that the jury verdict was contrary to the evidence.

This record discloses that the prosecution was confronted in trial by a complaining witness, the human target that stopped four slugs, who was extremely reluctant to testify in any adverse manner against the defendant.

This record reveals that the State's case was proven beyond a reasonable doubt, as the jury found, and that it was the defendant who shot Palmer. The proof established that the defendant Palmer and Miss Keller were all in the same Buick car at the time of the shooting; that the defendant and Palmer had an argument; that the defendant had a .25-caliber Browning automatic and shells for it; that this gun was fired three or four times and the muzzle flashes were seen; that the defendant drove off without rendering aid to the victim or showing any concern; and that the defendant cautioned his girl, Miss Keller, not to make any statement.

The defendant contends that notwithstanding all this credible evidence Palmer was shot by one or more unknown assailants.

This defense endeavor prompts our observation previously noted of "The Little Man Who Wasn't There."

We have carefully reviewed all of the evidence and the verdict of the jury can and should be sustained. In State v. Lagge, 143 Mont. 289, 388 P.2d 792, this court stated: "It is not for

us, an appellate court, to determine the credibility of a witness or to evaluate his testimony, rather, that is a function for a jury and their decision will not be disturbed by us without a clear showing in the record that either perjury, impeachment or extenuating circumstances were clearly present."

Logical, candid reading of this record leaves a clear impression of the guilt of the defendant, and for this reason the judgment of conviction is affirmed.

It is so ordered.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES JOHN CONWAY HARRISON, ADAIR, and CASTLES concur.