PETITION OF DOUGLAS DOE.

No. 11107.
Decided March 16, 1966.
412 P.2d 212.

Douglas Doe, pro se.

PER CURIAM:

Original proceeding.

Petition for writ of habeas corpus by Douglas Doe, an inmate of the Montana State Prison, appearing pro se.

Doe was convicted of first degree assault, following a jury trial, in the district court of Yellowstone County. He appealed his conviction to this court and our opinion upon such appeal is found in State v. Doe, 146 Mont. 501, 409 P.2d 439, wherein we affirmed the judgment of conviction.

In that opinion, comment was made that the question of illegal search and seizure was improperly raised on the appeal since it had not been raised before the trial court in the form

of a motion to suppress evidence, either prior to, or during the trial. Doe, in his petition, with reference to this comment submits that he was represented by court-appointed counsel and that he should not be held culpable for the failures of such counsel to properly proceed with respect to four spent shell casings contended to have been unlawfully obtained from "petitioner's" automobile.

While petitioner asserts the spent shell casings were obtained from his automobile, as pointed out in this court's opinion on his appeal, supra, the proof in the case is that the 1952 Buick car from which the spent shell casings were removed was owned by Deneice Keller, who was present with petitioner at the time of the commission of the assault. Miss Keller testified that she had purchased the automobile and Doe admitted she bought the car. When she was called as a witness for the State at the trial, defense counsel objected to her testifying on the ground that a common-law marriage existed between her and Doe. Miss Keller stated she was not Doe's wife, and had never been his wife; while she had known him for about four weeks, had only gone out with him for about a week and a half or two weeks before the assault; that she had never considered or believed herself to be his wife, had never gone through a marriage ceremony nor ever agreed to be his wife. On this showing the court overruled the objection.

The police officer testified, as referred to in the opinion, that he found two empty shell casings on the floor of the Buick car of Miss Keller and also found two empty shell casings on the ledge behind the rear seat of the Buick.

While not discussed in the opinion, this brings into focus the question as to whether petitioner could, under the facts presented to the jury at his trial, have claimed any immunity.

As we stated in State v. Callaghan, 144 Mont. 401, 407, 396 P.2d 821:

324

"\* \* \* Only the person or persons whose rights have been infringed may claim the constitutional guaranty against unreasonable search and seizure. Casey v. United States, (C.A. 9th Cir.), 191 F.2d 1, (certiorari granted 342 U.S. 892, 72 S.Ct. 200 [96 L.Ed. 668] revd. on other grounds 343 U.S. 808, 72 S.Ct. 999, 96 L.Ed. 1317; Elkins v. United States, 364 U.S. 206, 80 S.Ct. 1437, 4 L.Ed.2d 1669; Rios v. United States, 364 U.S. 253, 80 S.Ct. 1431, 4 L.Ed.2d 1688. The defendant here did not have such an interest in the Watson home as to give him the right to invoke the immunity. He was a mere guest or invitee, and such interest is not sufficient. See 79 C.J.S. Searches and Seizures § 52, pp. 810-814, where numerous state and federal authorities are collected. This rule is not in conflict with any of the recent decisions by the United States Supreme Court. State v. Keeling (Ohio Com.Pl.1962), 182 N.E.2d 60."

In the Callaghan case the defendant was a guest or invitee, here petitioner had been a guest of the owner of the car, Deneice Keller, being a passenger therein. In our view, what we said in the Callaghan case applies with equal effect here, petitioner did not have such an interest in the Keller car as to give him the right to invoke the immunity.

For these reasons there is no merit to the contention of petitioner and the writ requested is denied and the proceeding is dismissed.