PETITION OF BYRON JOSEPH GALLAGHER.

No. 11434.
Submitted January 14, 1968. Decided January 25, 1968.
436 P.2d 530.

PER CURIAM:

Byron Joseph Gallagher, an inmate of the Montana State

Prison, appearing pro se, has filed with this court a motion to vacate sentences imposed upon him on the ground that they were imposed in violation of the 14th Amendment to the United States Constitution.

In support of this contention, petitioner asserts that (1) an involuntary confession was admitted at his trial; (2) no bench warrant was issued for his arrest; (3) no warrant for search and seizure; and (4) a witness was intimidated into giving damaging testimony.

Before proceeding to a discussion of these contentions, it should be noted that the district court of Gallatin County upon receipt of a petition from petitioner in June of 1967, referred the matter to the Montana Defender Project, which the court noted in its order of June 30, 1967, was properly staffed, organized, and effective in such representation, and further ordered that certified copies of all the proceedings in this cause and the original record should be sent to the director of the Montana Defender Project. Petitioner thereafter instructed the Montana Defender Project that he did not want legal representation from them. Later petitioner filed a petition to vacate sentences and to proceed in the district court and this petition was referred by the district judge to the Montana Defender Project on October 27, 1967. Upon receipt of copy of this order, petitioner wrote the district judge, informing him that he did not want to be represented by the Montana Defender Project, and also that he considered the order sending his petition to that organization as evasive and contrary to justice, demanded what he termed a "judgment hearing" and stated that he would appear personally in his own defense. Upon further consideration of the matter, the district judge entered an order on November 20, 1967, reciting that the file in this matter had been carefully considered by the court, together with the court's personal recollection of the arraignment and appointment of experienced counsel to represent petitioner on his plea of guilty, and the court stated that the request to

personally appear in the district court was unnecessary and denied the motions.

The exhibits submitted by petitioner in support of his petition to this court, include the informations filed against him in Yellowstone, and Gallatin Counties, court minutes and other records. On December 11, 1961, an information was filed against petitioner in Yellowstone County, charging him in the first count with the crime of robbery by taking property from the person, possession and immediate presence of one Roy H. Watne on the 9th day of December, 1961; and in the second count with the crime of robbery of a Safeway store of the sum of $870.00. Defendant appeared before that court with counsel on December 11, 1961, and requested further time to enter a plea and the cause was continued until December 12, 1961. On December 12th a demurrer was filed to the information and thereafter overruled by the court. Petitioner also filed a petition where he stated that at the time of his arrest on December 9, 1961, the police officers in Billings took into their possession an automobile, the property of Joseph Gallagher, Sr., of Buffalo, New York, and that in said automobile in a paper bag was the approximate sum of $500 that was the personal property of petitioner; that petitioner was advised that the Billings police officers at the time of his arrest also seized an additional and separate sum of money in the approximate sum of $870 and which he had been advised was claimed to be the sum set forth in the information as being the property of Safeway Stores, Inc. Further that the sum of $500 was needed for payment of attorney's fees and request was made for a court order directing the police to forthwith deliver this sum to the attorney for the petitioner. The minutes reveal that the petition was taken under advisement by the court and the defendant entered a plea of not guilty.

On January 5, 1962, petitioner and his counsel were again before the district court at which time a motion was made to withdraw the former plea, and upon such motion being granted

by the court, the petitioner entered a plea of guilty to both counts of the information. Petitioner waived the calling of any witnesses and time for pronouncement of judgment, stated he had no legal excuse to show why judgment should not be pronounced against him and the court thereupon sentenced him to ten years on count one and ten years on count two, both to be served concurrently.

Petitioner was then taken to Gallatin County wherein an information had been filed against him charging him with the crime of robbery of the Empire Savings and Loan Association of the sum of $1,042.40 on November 28, 1961. This information had been filed on December 12, 1961. On that same day, December 12, 1961, the county attorney moved the district court for an order allowing the impounding of certain items found in the possession of the defendant, which included several rolls of money of the United States of America, the wrappers of which were stamped "Empire Savings and Loan Association." Such impoundment was granted.

On January 9, 1962, the defendant (petitioner here) appeared before the court, was advised of his right to counsel and waived counsel, and was arraigned. He was advised of his right to further time in which to enter his plea but he waived this right and pleaded guilty. He was further advised of his right to additional time before pronouncement of judgment and sentence and he requested the court to appoint counsel to present testimony in mitigation before sentence was pronounced. The matter was continued and the court appointed an experienced trial lawyer as counsel for the defendant.

On January 10, 1962, defendant and his counsel were before the court, sworn testimony in mitigation was presented and exhibits received. These exhibits recited that petitioner had been charged in New Jersey with the crime of robbery on August 11, 1958, at the time having in his possession an automatic pistol, and further, he was charged with the crime of robbery on August 21, 1959, and at that time also having in his

possession an automatic pistol. Petitioner entered a plea of not guilty to both indictments on October 19, 1959, but on November 12, 1959 retracted his plea of not guilty and entered a plea of *non vult*. This plea means the defendant does not contend, a substitute for a plea of guilty. On December 14, 1959, he was sentenced on the first count of each indictment to the New Jersey Reformatory and on the second count imposition of sentence was postponed. On February 14, 1960, these judgments were vacated and petitioner was resentenced to the New Jersey Reformatory on each count, the sentence on the second count to run concurrently with that on the first count. Also, that on January 8, 1960, petitioner was charged in the State of New Jersey with bringing stolen property into the state and entered a plea of not guilty. On March 25, 1961, he was allowed to retract his former plea of not guilty and entered a plea of *non vult*. He was sentenced to be imprisoned in the New Jersey Reformatory, such sentence to run concurrently with and retroactive to the present sentence then being served.

How petitioner completed these sentences or was released from custody in New Jersey we do not know since the record contains no information in that regard.

Returning again to the hearing on mitigation in Gallatin County, upon its conclusion the district court imposed a fifteen year sentence.

Turning now to the contentions which petitioner raises here, and first to the allegations that an involuntary confession was admitted at his trial; there was no trial, petitioner entered a plea of guilty, but there was a mitigation hearing. The district court minutes show only two exhibits were admitted, both were State's exhibits and have been discussed heretofore. Petitioner admitted his guilt of the crime charged so no possible prejudice could have resulted even if it were disclosed to the court that a confession had been made.

As to the contention that no bench warrant was issued for petitioner's arrest, he merely states that he was taken pris-

oner at the Billings airport and the detectives did not show an arrest warrant. The crimes of robbery charged were alleged to have been committed on Saturday, December 9, 1961, and petitioner and his counsel were before the district court on Monday morning, December 11, 1961. Defense counsel raised no question with respect to the arrest of petitioner then or on the following day, December 12, 1961, when both petitioner and his counsel were again before the court and a demurrer was filed, overruled and plea of not guilty entered. We fail to observe where petitioner has shown any prejudice by this contention. For that matter, a warrant may have been in existence but not displayed to the petitioner.

As to the allegations that no warrant for search and seizure was issued, petitioner, so far as the record shows, made no such contention in either of the district courts where he appeared. He had court-appointed counsel in one and personally employed counsel in the other, both experienced trial lawyers. Petitioner does state, however, that an automobile registered to his father was opened and searched and seized without a search warrant.

Much the same contention was made in Petition of Doe, 147 Mont. 322, 412 P.2d 212. In that case the car was owned by a woman acquaintance of Doe and he sought to invoke the immunity; here petitioner claims it is his father's automobile. It was our holding in the Doe case that State v. Callaghan, 144 Mont. 401, 396 P.2d 821, was controlling. In that case we stated:

" '* * * Only the person or persons whose rights have been infringed may claim the constitutional guaranty against unreasonable search and seizure. Casey v. United States, (C.A. 9th Cir.), 191 F.2d 1, (certiorari granted, 342 U.S. 892, 72 S.Ct. 200, [96 L.Ed. 668]) revd. on other grounds 343 U.S. 808, 72 S. Ct. 999, 96 L.Ed. 1317; Elkins v. United States, 364 U.S. 206, 80 S.Ct. 1437, 4 L.Ed.2d 1669; Rios v. United States, 364 U.S. 253, 80 S.Ct. 1431, 4 L.Ed.2d 1688. The defendant here did not

have such an interest in the Watson home as to give him the right to invoke the immunity. He was a mere guest or invitee, and such interest is not sufficient. See 79 C.J.S. Searches and Seizures, § 52, pp. 810-814, where numerous state and federal authorities are collected. This rule is not in conflict with any of the recent decisions by the United States Supreme Court. State v. Keeling (Ohio Com.Pl 1962), 182 N.E.2d 60.' ''

The final contention that a witness was intimidated into giving damaging testimony rests on the assertion that a woman informed petitioner that the county attorney wanted a statement from her or she would be held as a witness, contrary to her will, and that she apparently gave a statement to the county attorney in which she allegedly said that she had given petitioner $125 to buy a six-shooter. There is no violation of petitioner's rights so far as this contention is concerned, nor is there anything illegal. See Sections 94-6119 to 94-6124, and 94-9101 to 94-9112, R.C.M.1947, since repealed and superseded by Sections 95-1802 and 95-1204, R.C.M.1947, having to do with depositions of witnesses in criminal matters and requiring security for their appearance. See also, Petition of Tooker, 147 Mont. 207, 410 P.2d 923.

No merit appearing in the contentions raised by petitioner the relief sought is denied and the proceeding is dismissed.