No. 11892

IN THE SUPREME COURT OF THE STATE OF MONTANA

1972

---

STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

DENNIS LEE WILLIAMS,

Defendant and Appellant.

---

Appeal from: District Court of the Eleventh Judicial District,
Honorable Robert S. Keller, Judge presiding.

Counsel of Record:

For Appellant:

White, Vadala & Springer, Kalispell, Montana.
Patrick M. Springer argued, Kalispell, Montana.

For Respondent:

Hon. Robert L. Woodahl, Attorney General, Helena,
Montana.
J. C. Weingartner, Deputy Attorney General, argued,
Helena, Montana.
H. James Oleson appeared, County Attorney, Kalispell,
Montana.

---

Submitted: September 22, 1972

Decided: OCT 16 1972

Filed: OCT 16 1972

_Thomas J. Kearney_
Clerk

Mr. Justice John C. Harrison delivered the Opinion of the Court.

Defendant, Dennis Lee Williams, was charged and convicted of violation of section 54-132, R.C.M. 1947, in the district court of the eleventh judicial district, county of Flathead, Judge Robert S. Keller presiding with a jury. Defendant appeals.

Defendant arrived in Kalispell from California some two weeks prior to his arrest. He was accompanied by a young female. The two registered at a local motel as Mr. and Mrs. Kincaid.

On July 11, 1969, the Kalispell police department received a call from a local music store reporting that defendant and his companion had asked a clerk "where he could purchase any dope or drugs". The police interviewed the clerk of the music store who told them the couple had gone across the street into the Vista Club. Three nights later, in the early hours of July 14, the police department found defendant's car illegally parked near the Vista Club and ticketed it. Later, observing defendant driving the car, they stopped him, checked his driver's license, and because it was an out of state car, asked him to come to the police station to post a bond for his illegal parking violation.

Defendant drove to the police station, parked his car near a street light, and went into the station. As he did not have bond money on him, he was allowed to go to his motel to get it. While he was away one of the officers noted two plants in the rear of defendant's car. Being suspicious of their nature he called assistant chief of police Baldwin, a narcotic specialist, to the police station to look at the plants in defendant's automobile. Officer Baldwin testified:

> "I went to the left rear passenger's door,
> looked in at the contents of the vehicle,
> saw there were plants growing in two dif-
> ferent containers, one a plastic planter

> type container, the other a wash basin. They
> had plants growing in them that I recognized
> at the time. * * * I recognized the plant that
> I saw as marijuana."

Officer Baldwin opened the door of the car, snapped off a leaf and stem of one of the plants and immediately checked it out at the police station laboratory with the aid of a 200 power microscope, and identified it as marijuana. Later an out of state drug expert confirmed officer Baldwin's identification of the plants.

Defendant was detained at the police station where he told officers that the plants were his wife's camellia plants. Thereafter he told several different stories and at the trial he again changed his story saying he was originally trying to protect his female companion who had been convicted for possession of dangerous drugs in California and was a parolee.

Defendant took the stand in his own defense and admitted to two California drug convictions. He was tried and convicted by a jury.

Defendant on appeal raises six issues. By agreement of counsel the issue relied upon as controlling in the cause is the lawfulness of the search and seizure.

We have carefully examined the facts of this case and the issues raised on appeal. We find no merit to the issues raised. The cases hereinafter cited are controlling and we find no necessity for further discussion. Harris v. U.S., 390 U.S. 234, 88 S.Ct. 992, 19 L ed 2d 1067; Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L ed 2d 564; United States v. Nelson, 448 F.2d 1304 (10th Cir. 1971); United States v. Blackstock, 451 F.2d 908 (9th Cir. 1971); State v. Perkins, 153 Mont. 361, 457 P.2d 465 (1969); State v. Williams, 153 Mont. 262, 455 P.2d

634 (1969).

Judgment of the district court is affirmed.

_____

_Associate Justice_

We concur:

_____

Chief Justice

_____

_____

_____

Associate Justices

- 4 -